UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARYL JOYCE, JR.,

    Petitioner,

v.                                                                 Case No. 3:13cv330/MCR/CJK

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated June 17, 2015. (Doc. 16). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has made a *de novo* determination of those portions to which an objection has been made.

Having considered the Report and Recommendation and all objections thereto timely filed, the Court has determined that the Report and Recommendation should

be adopted. The Court finds that only the objection regarding the failure to call Ms. Rhodes as a witness, Ground 2 of the Petition for a Writ of Habeas Corpus, warrants further comment. The state court appears to have applied a higher standard than *Strickland* requires at one point, finding that, even if Ms. Rhodes had been called and testified exactly as alleged, her testimony "would not have changed the outcome" of the trial.[1] *Strickland* instead requires a lesser showing of only a "reasonable probability" of a different result. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Smith v. Sec., Fla. Dep't of Corrs.*, No. 14-12526, 2015 WL 5233061, at *2 n.1 (11th Cir. Sept. 9, 2015) (unpublished). Nonetheless, *Strickland* mandates a deferential review, and the likelihood of a different result from the failure to call a witness must be "substantial, not just conceivable." *Harrison v. Richter*, 562 U.S. 86, 112 (2011).

Petitioner objects, arguing that there was a reasonable probability of a different result had Ms. Rhodes testified because she was an unbiased witness and that all the other witnesses who testified were involved in the fight. The Court disagrees. Even applying a de novo review of the state court's determination, accepting that Ms. Rhodes would have testified as Petitioner alleges, there is not a reasonable probability

---

[1] Petitioner attributes this statement to the Magistrate Judge, but this portion of the Report and Recommendation was simply quoting the decision of the state court.

of a different outcome. The record reflects that Ms. Rhodes would not have been completely unbiased, as Petitioner contends, because Petitioner testified that he was a friend of Ms. Rhodes' new boyfriend, and the victim testified that she was his ex-girlfriend. Nor would she have been the only witness who was not involved in the fighting. Arion Goble, who testified to the events, also was not involved in the fight, ECF No. 12-4, at 66 (transcript page 68).[2]

Additionally, as discussed by the state court judge and the Magistrate Judge in the Report and Recommendation, the record includes Petitioner's own testimony that Ms. Rhodes was not present when he hit the victim.[3] The jury was required to determine whether the use of force was justifiable at the time Petitioner hit the victim. Thus, even under a de novo review and assuming Ms. Rhodes would testify as Petitioner alleges, the likelihood of a different result is not "substantial" as is required for relief under *Strickland*. *See Richter*, 562 U.S. at 112.

---

[2] Petitioner's brother also testified that Mr. Goble was present but not fighting, ECF No. 12-4, at 73 (transcript page 81).

[3] Petitioner testified at trial that Ms. Rhodes left at some point then returned when they were all leaving the scene after Petitioner hit the victim. He testified, "After that we had just left. That's when Amber [Rhodes] came back." ECF No. 12-4 at 79-80 (transcript 88-89). Petitioner was asked, "Had she left y'all there?" and he responded, "Yes, ma'am. . . . When we were leaving we were walking towards my house but she came" and picked them up. ECF No. 12-4 at 79-80 (transcript page 89). Mr. Goble also testified that Ms. Rhodes left during the altercation, that she did not go far though and she returned to pick them up, ECF No. 12-4, at 67 (transcript page 69).

*Case No: 3:13cv330/MCR/CJK*

Accordingly, it is ORDERED:

1. The Magistrate Judge's Report and Recommendation (doc. 16) is adopted and incorporated by reference in this order.

2. The Petition for Writ of Habeas Corpus, ECF No. 1, challenging the judgment of conviction and sentence in *State of Florida v. Daryl Lamont Joyce, Jr.*, Escambia County, Florida, Circuit Court Case Number 10-CF-642, is **DENIED**.

3. The Clerk is directed to close the file.

4. A certificate of appealability is **DENIED**.

**DONE AND ORDERED** this 25th day of November, 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**